**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WESTFIELD INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-04026 |
| | ) | |
| JVM AVANT APARTMENTS LLC, | ) | |
| JVM MANAGEMENT, INC., | ) | |
| JVM GROUP, INC., JVM REALTY | ) | |
| GROUP, and SEAN HANEY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Westfield Insurance Company, ("Westfield"), by its attorneys, Esp Kreuzer Cores LLP, pursuant to 28 U.S.C. 2201 and 2202, for its Complaint for Declaratory Judgment against Defendants, JVM Avant Apartments, LLC, JVM Management, Inc., JVM Group, Inc., JVM Realty Group, and Sean Haney, states:

### I. JURISDICTION

1.      The jurisdiction of the Court is premised upon 28 U.S.C. §1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### II. VENUE

2.      Venue is premised upon 28 U.S.C. §1391(c) in that each defendant is a resident of this District as defined by 28 U.S.C. 1391(c) and a substantial part of the events or omissions giving rise to this suit occurred in the District.

### III. THE PARTIES

3.      Westfield is an Ohio corporation, with its principal place of business in Westfield

Center, Ohio. At all times relevant herein, Westfield was authorized to issue policies of insurance in the State of Illinois and issued a certain policy to its named insured, Classic Landscape, Ltd., as detailed herein.

4.      JVM Avant Apartments LLC is a Delaware limited liability company with a principal office located in Oak Brook, DuPage County, Illinois.

5.      From December 16, 2019 to the present, James V Madary II has been the manager of JVM Avant Apartments LLC.

6.      JVM Management, Inc. is an Illinois corporation, with a principal office located in Oak Brook, DuPage County, Illinois.

7.      From December 16, 2019 to the present, James V Madary II has been the President of JVM Management, Inc.

8.      JVM Group, Inc. is an Illinois corporation, with a principal office located in Oak Brook, DuPage County, Illinois.

9.      From December 16, 2019 to the present, James V Madary II has been the President of JVM Group, Inc.

10.     JVM Realty Group is an Illinois corporation, with a principal office located in Oak Brook, DuPage County, Illinois.

11.     From December 16, 2019 to the present, James V Madary II has been the president of JVM Realty Group.

12.     Sean Haney is the underlying plaintiff and is a resident of a residence within a building located at 450 Warrenville Road, Lisle, DuPage County, Illinois.

## IV.  THE DECEMBER 16, 2019 UNDERLYING COMPLAINT

13.      On December 16, 2019, Haney filed a premises liability complaint against JVM

Avant Apartments, LLC, JVM Management, Inc., and JVM Realty Group, seeking to recover for bodily injuries allegedly sustained on January 22, 2019, when he encountered an accumulation of ice located on the property 450 Warrenville Road, Lisle, Illinois, slipped and fell. Westfield attaches as (Ex. 1) a copy of a June 10, 2021 tender letter that Hickey Smith, LLP sent to Classic Landscape, Ltd. Hickey Smith, LLP included a copy of the underlying complaint as an enclosure to the June 10, 2021 tender letter along with a copy of a Service Agreement that Classic Landscape, Ltd. entered (Ex. 1 at Compl.).

14.     The underlying complaint alleges that JVM Avant Apartments, LLC, JVM Management, Inc., and JVM Realty Group, individually, and/or by and through their agents, servants and/or employees, owed a duty of reasonable care to design, construct, repair, and maintain the premises so as not create unnatural accumulations of ice. (Ex. 1 at Compl. at 1-2¶7).

15.     The underlying complaint alleges that JVM Avant Apartments, LLC, JVM Management, Inc., and JVM Realty Group, individually, and/or by and through their agents, servants and/or employees, negligently: a) designed the parking lot and adjacent parkway; b) constructed the parking lot and adjacent parkway; c) failed to properly inspect the parking lot and adjacent parkway; d) failed to repair the parking lot and adjacent parkway; e) failed to warn; and f) failed to maintain the parking lot and adjacent parkway. (Ex. 1 at Compl. at 2¶9).

16.     On December 30, 2019, the Deputy Sheriff of Sangamon County served summons and the underlying complaint upon JVM Avant Apartments, LLC, JVM Management, Inc., and JVM Realty Group.

17.     On February 19, 2020, the Honorable Christopher Lawler entered an order of default against JVM Avant Apartments, LLC, JVM Management, Inc., and JVM Realty Group.

18.     On or before March 5, 2020, JVM Avant Apartments, LLC, JVM Management, Inc.,

and/or JVM Realty Group provided notice of the *Haney* lawsuit to Regent Insurance Company.

19.     On or before March 5, 2020, Regent Insurance Company retained Hickey Smith LLP to defend JVM Avant Apartments, LLC, JVM Management, Inc., and JVM Realty Group against the *Haney* lawsuit.

20.     On March 5, 2020, Hickey Smith LLP, filed its appearance as counsel for JVM Avant Apartments, LLC, JVM Management, Inc., and JVM Realty Group, along with a motion to vacate the default orders.

21.     On March 10, 2020, the Honorable Christopher Lawler entered an order vacating the February 19, 2020 default orders.

## V.  THE JUNE 10, 2021 LETTER THAT HICKEY SMITH, LLP SENT TO CLASSIC LANDSCAPE, LTD.

22.     On June 10, 2021, Hickey Smith, LLP, by attorney Brian D. Hahn, sent a letter to Classic Landscape, Ltd., demanding that Classic Landscape, Ltd defend and indemnify JVM Avant Apartments, LLC, JVM Group, Inc., and JVM Realty Group against the *Haney* lawsuit. (Ex. 1).

23.     Hickey Smith, LLP included as an enclosure to the June 10, 2021 tender letter a copy of a "JVM Service Agreement" that Classic Landscape, Ltd. entered on October 16, 2018. (Ex. 1 at Serv. Agr. at 1).

24.     Article I of the Service Agreement defines "Owner" as JVM Avant Apartment, LLC. (Ex. 1 at Ser. Agr. at 1).

25.     Article 4.06 of the Service Agreement reads in part: ". . . under no circumstances shall Contractor, in the performance of its contractual obligations hereunder, be deemed or considered to be acting as a servant, agent or employee of Manager." (Ex. 1 at Serv. Agr. at 3).

26.     Article 4.06 of the Service Agreement further reads in part: "Contractor hereby

agrees to indemnify and save harmless Owner, Manager, and its affiliates, subsidiaries, employees or parent entities of any and all liability thereof." (Ex. 1 at Serv. Agr. at 3).

27.     Article 10.02 of the Service Agreement reads:

> To the fullest extent permitted by law, Contractor agrees to protect, defend, hold harmless and indemnify Owner and Manger and their respective affiliates, partners, employees, directors, officers, shareholders, employees, agents and servants and the successors and assigns of each (all of the foregoing parties hereinafter collectively referred to as 'Indemnities') from and against (a) all claims, actions, liabilities, damages, losses, costs and expenses, including reasonable attorney's fees, arising out of or resulting from the performance of Services at the Community by Contractor or Contractor's subcontractors, agents or employees and (b) all claims, actions, liabilities, damages, losses, costs and expenses arising out of or resulting from Contractor's failure to purchase all insurance coverage required in this Agreement.

(Ex. 1 at Serv. Agr. at 5).

28.     Article 10.03 reads in part: "Contractor at its sole cost and expense, shall carry and maintain the insurance coverage indicated on Exhibit 'B' attached hereto and made a part hereof with insurance companies acceptable to Manager and authorized to do business within the State in which the Community is located . . ." (Ex. 1 at Serv. Agr. at 5).

29.     Exhibit B, titled "Insurance Requirements," reads in part:

> (a) Commercial general liability insurance, on an occurrence basis, adequate to protect the interest of the parties to the Agreement, shall (i) name Owner, Manager, and, if requested by Manager, Lender, as additional insureds . . . and (iii) be the primary liability insurance, and not excess over any liability policy carried by Owner and/or Manger, for all claims or liabilities arising from, or incidental to this Agreement. . . The limits of each policy shall not be less than $500,000 per occurrence for bodily injury, personal injury and property damage. . .
>
> Insurance . . .
> - Additional Insureds: JVM Management Services, LLC, the Owner, and, if required, the Lender . . .

5

(Ex. 1 at Serv. Agr. at sub.ex. B).

## VI. NOTICE OF THE ACCIDENT AND THE UNDERLYING LAWSUIT

30.　　On June 11, 2021, Westfield first received notice of Haney's accident.

31.　　On June 11, 2021, Westfield first received notice of Haney's lawsuit.

32.　　On June 11, 2021, Westfield first received notice of the Service Agreement that Classic Landscape, Ltd. entered.

33.　　On June 11, 2021, Westfield first received notice that JVM Avant Apartments, LLC, JVM Management, Inc., JVM Group, Inc., and JVM Realty Group, claimed to be additional insureds on the liability policy that Westfield issued to Classic Landscape, Ltd.

## VII. THE WESTFIELD COMMERCIAL PACKAGE POLICY

34.　　Westfield issued a commercial package policy to Classic Landscape, Ltd., policy number CMM 4739844, effective May 9, 2018 to May 9, 2019. Westfield attaches as (Ex. 2) a copy of the commercial package policy that it issued to Classic Landscape, Ltd.

35.　　The common policy declarations of the Westfield policy read in part:

**COMMERCIAL PACKAGE POLICY**
**RENEWAL**
**COMMON POLICY DECLARATIONS**

\*　　　\*　　　\*

**Business:**  LANDSCAPE CONTRACTOR

(Ex. 2 at WEST 14).

36.　　The top of the first page of the Commercial General Liability Coverage Form states as follows:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we," "us" and "our" refer to the company providing this insurance.

6

> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.  * * *

(Ex. 2 at WEST 148).

37.     The Insuring Agreement of "Coverage A – Bodily Injury and Property Damage Liability" of the Commercial General Liability Form provides as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.  Insuring Agreement**

        **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" of "property damage" to which this insurance does not apply. ***

(Ex. 2 at WEST 148).

38.     Condition 2 of Section IV of the Commercial General Liability Form of Westfield's policy reads in part:

**Duties In The Event Of Occurrence, Offense, Claim Or Suit**

        **a.**  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)** How, when and where the "occurrence" or offense took place;

        **(2)** The names and addresses of any injured persons or witnesses; and

        **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

7

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(Ex. 2 at WEST 158).

39. Section V of the Commercial General Liability Coverage Form, titled "Definitions," reads in part:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*       \*       \*

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. \* \* \*

8

(Ex. 2 at WEST 162-63).

40.     There is no language in the Westfield commercial package policy identifying JVM Avant Apartments, LLC, JVM Management, Inc., JVM Group, Inc., or JVM Realty Group by name. (Ex. 2).

41.     Form CG 20 10 10 01 of Westfield's policy reads in part:

> **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **SCHEDULE**
>
> | Name of Person or Organization: |
> | --- |
> | AUTOMATIC STATUS-REQUIRED BY CONTRACT OR AGREEMENT SEE CG2010 WEST CHICAGO IL 601850000 |
>
> (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
>
> **A.  Section II - Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.
> **B.**  With respect to the insurance afforded to these additional insureds, the following exclusion is added:
> **2.  Exclusions**
> This exclusion does not apply to "bodily injury" or "property damage" occurring after:
> **(1)** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of

the additional insured(s) at the site of the covered operations has been completed; or

**(2)** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project.

(Ex. 2 at WEST 172).

42.     The Westfield policy includes endorsement CG 20 10 04 13 which reads in part:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART

SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) And Descriptions Of Covered Operations |
|---|---|
| All persons or organizations when you have agreed in writing in a contract or agreement that such persons or organizations be added as an additional insured. | All Locations |
| Information required to complete this Schedule, if not shown above, will be shown in Declarations | |

**A.   Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1.   Your acts or omissions; or
2.   The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

10

However:
1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or
2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:
1. Required by the contract or agreement; or
2. Available under the applicable Limits of Insurance show in the Declarations;
   Whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

(Ex. 2 at WEST 208).

43. The Westfield policy includes form CG 20 37 10 01, which reads in part:

**ADDITIONAL INSURED – OWNERS, LESSEES OR
CONTRACTORS – COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART

**SCHEDULE**

| |
|---|
| **Name of Person or Organization:** |
| SEE BELOW |
| |
| **Location And Description of Completed Operations:** |
| ANY PERSONS OR ORGANIZATIONS FOR WHOM YOU ARE PERFORMING OPERATIONS WHEN YOU OR SUCH PERSONS OR ORGANIZATIONS HAVE AGREED IN WRITING IN A CONTRACT OR AGREEMENT THAT SUCH PERSONS OR ORGANIZATIONS BE ADDED AS ADDITIONAL INSUREDS ON YOUR POLICY. |
| **Additional Premium:** |
| INCL |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**Section II - Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of 'your work' at the location designated and described in the schedule of this endorsement performed for that insured and included in the 'products-completed operations hazard.'

(Ex. 2 at WEST 188).

44.    The Westfield policy includes endorsement CG 20 37 04 13 which reads in part:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) And Description Of Covered Operations |
|---|---|
| All persons or organizations when you have agreed in writing in a contract or agreement that such persons or organizations be added as an additional insured. | All Locations |
| Information required to complete this Schedule, if not shown above, will be shown in Declarations | |

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products completed operations hazard."

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or

2. Available under the applicable Limits of Insurance show in the Declarations;

Whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

(Ex. 2 at WEST 209).

45.     Endorsement CG 7137 11 12 of the commercial general liability coverage form of

the commercial package policy that Westfield issued to Classic Landscape, Ltd. reads in part:

Coverage afforded under this expanded coverage endorsement does not apply to any person or organization covered as an

13

additional insured on any other endorsement now or hereafter
attached to this Coverage Form.

(Ex. 2 at WEST 201).

46.　　Endorsement CG 20 01 04 13 of the commercial general liability coverage form

of the commercial package policy that Westfield issued to Classic Landscape, Ltd. reads in part:

### PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following is added to the **Other Insurance** Condition and supersedes any
provision to the contrary:

**Primary And Noncontributory Insurance**

This insurance is primary to and will not seek contribution from any other
insurance available to an additional insured under your policy provided that:

**(1)** The additional insured is a Named Insured under such other insurance; and

**(2)** You have agreed in writing in a contract or agreement that this insurance would
be primary and would not seek contribution from any other insurance available to
the additional insured.

(Ex. 2 at WEST 138).

### VIII. BASIS FOR RELIEF

### COUNT I: NO COVERAGE OBLIGATION TO JVM  AVANT APARTMENTS, LLC UNDER THE WESTFIELD COMMERCIAL PACKAGE POLICY

1-46.　Westfield adopts paragraphs 1 through 46 of the general allegations as paragraphs

1 through 46 of Count I.

47.　　Westfield Insurance Company owes no duty to defend and/or indemnify JVM

Avant Apartments LLC under the commercial package policy that Westfield issued to Classic

Landscape, Ltd. for one or more of the following reasons:

a.  JVM Avant Apartments, LLC's delay in excess of fifteen months (15) months in providing notice to Westfield of the accident was unreasonable as a matter of law and constitutes a failure to meet a condition precedent to coverage against the *Haney* lawsuit under the Westfield policy;

b.  JVM Avant Apartments, LLC's delay in excess of fifteen months (15) months in providing notice to Westfield of the lawsuit was unreasonable as a matter of law and constitutes a failure to meet a condition precedent to coverage against the *Haney* lawsuit under the Westfield policy;

c.  Articles 4.06 and 10.02 of the Service Agreement do not create additional insured status for JVM Avant Apartments, LLC;

d.  The Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100, et seq., applies to render Articles 4.06 and 10.02 of the Service Agreement void and wholly unenforceable, where the provisions promise contractual contribution that it not in the method that the Act provides for;

e.  Even if the Contribution Act did not apply to bar Articles 4.06 and 10.02, an insured contract situation does not exist, where JVM Avant Apartments, LLC's tort liability remains with JVM Avant Apartments, LLC;

f.  Pleading in the alternative, the Snow Removal Service Liability Limitation Act, 815 ILCS 675/10, applies to render Articles 4.06 and 10.02 of the Service Agreement void and wholly unenforceable;

g.  Pleading in the alternative, JVM Avant Apartments, LLC has not met all of the conditions for additional insured status, where JVM Avant Apartments, LLC'S liability is not contingent upon Classic Landscape, Ltd. being found liable;

15

h. Pleading in the alternative, JVM Avant Apartments, LLC has not met all of the conditions for additional insured status, where no factual basis exists to establish that any act or omission of Classic Landscape, Ltd. caused Haney's injuries;

i. Pleading in the alternative, JVM Avant Apartments, LLC has not met all of the conditions for additional insured status, where no factual basis exists to establish that Classic Landscape, Ltd. played any part in causing Haney's accident on the premises over which JVM Avant Apartments, LLC owned and managed;

j. Pleading in the alternative, JVM Avant Apartments, LLC has not met all of the conditions for additional insured status, where no factual basis exists to establish that a principal/agent relationship between JVM Avant Apartments, LLC and Classic Landscape, Ltd.;

k. Pleading in the alternative, no factual basis exists to establish that JVM Avant Apartments, LLC has met the conditions for full primary coverage under endorsement CG 20 01 04 13, where JVM Avant Apartments, LLC is an insured or additional insured on other liability policies rather than a named insured; and

l. There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

48. An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no coverage obligation to JVM Avant Apartments, LLC against the *Haney* lawsuit, case no. 2019 L 013795; 2) awarding

Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

### COUNT II: NO COVERAGE OBLIGATION TO JVM MANAGEMENT, INC. UNDER THE WESTFIELD COMMERCIAL PACKAGE POLICY

1-46.    Westfield adopts paragraphs 1 through 46 of the general allegations as paragraphs 1 through 46 of Count II.

47.    Westfield Insurance Company owes no duty to defend and/or indemnify JVM Management, Inc. under the commercial package policy that Westfield issued to Classic Landscape, Ltd. for one or more of the following reasons:

     a.  JVM Management, Inc.'s delay in excess of fifteen months (15) months in providing notice to Westfield of the accident was unreasonable as a matter of law and constitutes a failure to meet a condition precedent to coverage against the *Haney* lawsuit under the Westfield policy;

     b.  JVM Management, Inc.'s delay in excess of fifteen months (15) months in providing notice to Westfield of the lawsuit was unreasonable as a matter of law and constitutes a failure to meet a condition precedent to coverage against the *Haney* lawsuit under the Westfield policy;

     c.  Articles 4.06 and 10.02 of the Service Agreement do not create additional insured status for JVM Management, Inc.;

     d.  The Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100, et seq., applies to render Articles 4.06 and 10.02 of the Service Agreement void and wholly unenforceable, where the provisions promise contractual contribution that it not in the method that the Act provides for;

     e.  Even if the Contribution Act did not apply to bar Articles 4.06 and 10.02, an

insured contract situation does not exist, where JVM Management, Inc.'s tort liability remains with JVM Management, Inc.;

f.  Pleading in the alternative, the Snow Removal Service Liability Limitation Act, 815 ILCS 675/10, applies to render Articles 4.06 and 10.02 of the Service Agreement void and wholly unenforceable;

g.  Pleading in the alternative, JVM Management, Inc. has not met all of the conditions for additional insured status, because nowhere in the Service Agreement is a requirement that Classic Landscape, Ltd. name JVM Management, Inc. as an additional insured on the Westfield policy;

h.  Pleading in the alternative, JVM Management, Inc. has not met all of the conditions for additional insured status, where JVM Management, Inc.'s liability is not contingent upon Classic Landscape, Ltd. being found liable;

i.  Pleading in the alternative, JVM Management, Inc. has not met all of the conditions for additional insured status, where no factual basis exists to establish that any act or omission of Classic Landscape, Ltd. caused Haney's injuries;

j.  Pleading in the alternative, JVM Management, Inc. has not met all of the conditions for additional insured status, where no factual basis exists to establish that Classic Landscape, Ltd. played any part in causing Haney's accident on the premises over which JVM Avant Apartments, LLC managed;

k.  Pleading in the alternative, JVM Management, Inc. has not met all of the conditions for additional insured status, where no factual basis exists to establish that a principal/agent relationship between JVM Management, Inc. and Classic Landscape, Ltd.;

l. Pleading in the alternative, no factual basis exists to establish that JVM Management, Inc. has met the conditions for full primary coverage under endorsement CG 20 01 04 13, where JVM Management, Inc. is an insured or additional insured on other liability policies rather than a named insured; and

m. There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

48. An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no coverage obligation to JVM Management, Inc. against the *Haney* lawsuit, case no. 2019 L 013795; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

### COUNT III: NO COVERAGE OBLIGATION TO JVM GROUP, INC. UNDER THE WESTFIELD COMMERCIAL PACKAGE POLICY

1-46. Westfield adopts paragraphs 1 through 46 of the general allegations as paragraphs 1 through 46 of Count III.

47. Westfield Insurance Company owes no duty to defend and/or indemnify JVM Group, Inc. under the commercial package policy that Westfield issued to Classic Landscape, Ltd. for one or more of the following reasons:

a. JVM Group, Inc.'s delay in excess of fifteen months (15) months in providing notice to Westfield of the accident was unreasonable as a matter of law and constitutes a failure to meet a condition precedent to coverage against the *Haney*

lawsuit under the Westfield policy;

b.  JVM Group, Inc.'s delay in excess of fifteen months (15) months in providing notice to Westfield of the lawsuit was unreasonable as a matter of law and constitutes a failure to meet a condition precedent to coverage against the *Haney* lawsuit under the Westfield policy;

c.  Articles 4.06 and 10.02 of the Service Agreement do not create additional insured status for JVM Group, Inc.;

d.  The Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100, et seq., applies to render Articles 4.06 and 10.02 of the Service Agreement void and wholly unenforceable, where the provisions promise contractual contribution that it not in the method that the Act provides for;

e.  Even if the Contribution Act did not apply to bar Articles 4.06 and 10.02, an insured contract situation does not exist, where JVM Group, Inc.'s tort liability remains with JVM Group, Inc.;

f.  Pleading in the alternative, the Snow Removal Service Liability Limitation Act, 815 ILCS 675/10, applies to render Articles 4.06 and 10.02 of the Service Agreement void and wholly unenforceable;

g.  Pleading in the alternative, JVM Group, Inc. has not met all of the conditions for additional insured status, because nowhere in the Service Agreement is a requirement that Classic Landscape, Ltd. name JVM Group, Inc. as an additional insured on the Westfield policy;

h.  Pleading in the alternative, JVM Group, Inc. has not met all of the conditions for additional insured status, where JVM Group, Inc.'s liability is not contingent upon

Classic Landscape, Ltd. being found liable;

i.  Pleading in the alternative, JVM Group, Inc. has not met all of the conditions for additional insured status, where no factual basis exists to establish that any act or omission of Classic Landscape, Ltd. caused Haney's injuries;

j.  Pleading in the alternative, JVM Group, Inc. has not met all of the conditions for additional insured status, where no factual basis exists to establish that Classic Landscape, Ltd. played any part in causing Haney's accident on the premises over which JVM Group, Inc. managed;

k.  Pleading in the alternative, JVM Group, Inc. has not met all of the conditions for additional insured status, where no factual basis exists to establish that a principal/agent relationship between JVM Group, Inc. and Classic Landscape, Ltd.;

l.  Pleading in the alternative, no factual basis exists to establish that JVM Group, Inc. has met the conditions for full primary coverage under endorsement CG 20 01 04 13, where JVM Group, Inc. is an insured or additional insured on other liability policies rather than a named insured; and

m.  There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

48.  An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no coverage obligation to

JVM Group, Inc. against the *Haney* lawsuit, case no. 2019 L 013795; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

### COUNT IV: NO COVERAGE OBLIGATION TO JVM REALTY GROUP UNDER THE WESTFIELD COMMERCIAL PACKAGE POLICY

1-46.    Westfield adopts paragraphs 1 through 46 of the general allegations as paragraphs 1 through 46 of Count IV.

47.    Westfield Insurance Company owes no duty to defend and/or indemnify JVM Realty Group under the commercial package policy that Westfield issued to Classic Landscape, Ltd. for one or more of the following reasons:

    a.   JVM Realty Group's delay in excess of fifteen months (15) months in providing notice to Westfield of the accident was unreasonable as a matter of law and constitutes a failure to meet a condition precedent to coverage against the *Haney* lawsuit under the Westfield policy;

    b.   JVM Realty Group's delay in excess of fifteen months (15) months in providing notice to Westfield of the lawsuit was unreasonable as a matter of law and constitutes a failure to meet a condition precedent to coverage against the *Haney* lawsuit under the Westfield policy;

    c.   Articles 4.06 and 10.02 of the Service Agreement do not create additional insured status for JVM Realty Group;

    d.   The Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100, et seq., applies to render Articles 4.06 and 10.02 of the Service Agreement void and wholly unenforceable, where the provisions promise contractual contribution that it not in

the method that the Act provides for;

e.   Even if the Contribution Act did not apply to bar Articles 4.06 and 10.02, an insured contract situation does not exist, where JVM Group, Inc.'s tort liability remains with JVM Realty Group;

f.   Pleading in the alternative, the Snow Removal Service Liability Limitation Act, 815 ILCS 675/10, applies to render Articles 4.06 and 10.02 of the Service Agreement void and wholly unenforceable;

g.   Pleading in the alternative, JVM Realty Group has not met all of the conditions for additional insured status, because nowhere in the Service Agreement is a requirement that Classic Landscape, Ltd. name JVM Realty Group as an additional insured on the Westfield policy;

h.   Pleading in the alternative, JVM Realty Group has not met all of the conditions for additional insured status, where JVM Realty Group's liability is not contingent upon Classic Landscape, Ltd. being found liable;

i.   Pleading in the alternative, JVM Realty Group has not met all of the conditions for additional insured status, where no factual basis exists to establish that any act or omission of Classic Landscape, Ltd. caused Haney's injuries;

j.   Pleading in the alternative, JVM Realty Group has not met all of the conditions for additional insured status, where no factual basis exists to establish that Classic Landscape, Ltd. played any part in causing Haney's accident on the premises over which JVM Group, Inc. managed;

k.   Pleading in the alternative, JVM Realty Group has not met all of the conditions for additional insured status, where no factual basis exists to establish that a

principal/agent relationship between JVM Realty Group and Classic Landscape, Ltd.;

l. Pleading in the alternative, no factual basis exists to establish that JVM Realty Group has met the conditions for full primary coverage under endorsement CG 20 01 04 13, where JVM Realty Group is an insured or additional insured on other liability policies rather than a named insured; and

m. There may be other bases for denying coverage and Westfield reserves the right to plead them in the future.

48. An actual and justiciable controversy exists between the parties hereto and, pursuant to 28 U.S.C. §§ 2201 and 2202, this court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

Wherefore, Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter a judgment declaring: 1) that Westfield Insurance Company owes no coverage obligation to JVM Realty Group against the *Haney* lawsuit, case no. 2019 L 013795; 2) awarding Westfield Insurance Company its costs incurred; and 3) providing such further relief as the Court deems just.

ESP KREUZER CORES LLP                          RESPECTFULLY SUBMITTED,
400 S. County Farm Road
Suite 200
Wheaton, Illinois 60187                        _____
(630) 871-1002; ARDC #6274517; our file 1.9673K   Jeffrey S. Barger
jbarger@ekclawfirm.com; cbork@ekclawfirm.com

24